UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

WALTER LUND,

        Petitioner,

   v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 6:14-mc-00048-AA

ORDER

AIKEN, Chief Judge:

    The federal government issued several subpoenas in an attempt to discover information that would assist it in executing a judgment against Robert Lund. Specifically, the government issued subpoenas to four banking institutions and requested information for all accounts under the authority of Robert Lund, as well as information for accounts held in the name of petitioner Walter Lund, who is Robert Lund's father.

    Petitioner now seeks to quash the subpoena issued to Wells

1   - ORDER 6:14-mc-00048-AA

Fargo Bank, on grounds that he was not a "person named, nor a party to, the civil action in which the pursued judgment was obtained, nor was he a participant in that action in any capacity." Pet.'s Motion to Quash at 2. The government moves to dismiss the petition as untimely and for lack of subject matter jurisdiction.

Pursuant to the requirements of the Right to Financial Privacy Act, a customer who wishes to challenge a third-party subpoena must file a motion to quash within 10 days from the date of service or 14 days from the date of mailing the notice of subpoena. See 12 U.S.C. §§ 3407(3), 3410(a). Several courts have construed the time limits as jurisdictional. See Thomas v. U.S. Dep't of Homeland Sec., 876 F. Supp. 2d 1, 8 (D. D.C. 2012); Turner v. United States, 881 F. Supp. 449, 451 (D. Haw. 1995).

Here, the government issued the subpoenas and mailed notice of them on January 22, 2014. However, petitioner did not file his petition to quash until February 10, 2014. Therefore, his petition is untimely, and petitioner provides no explanation for his untimeliness. Moreover, based on information provided in the government's supporting memorandum in this case, Govt.'s Mem. in Supp. at 3, n. 2 (doc. 3), and as found by the court in Lund v. United States, 6:13-mc-00314-MC (Dec. 31, 2013) (doc. 15), the government has established that the subpoena is relevant to a legitimate law enforcement inquiry. Therefore, I find no grounds on which to quash the subpoena issued to Wells Fargo Bank.

Accordingly, the government's motion to dismiss (doc. 2) is GRANTED. The petition and this action are HEREBY DISMISSED. IT IS SO ORDERED.

Dated this 8th day of May, 2014.

_____
Ann Aiken
United States District Judge